# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. ANDREA FAHRENHOLZ, *Defendant*. | Crim. No. 17-422 **OPINION** |

**VAZQUEZ, DISTRICT JUDGE**

Pending before the Court is Defendant Andrea Fahrenholz's motion for early termination of probation. D.E. 15 ("Br."). The Government filed opposition, D.E. 5 ("Opp."), to which Defendant replied, D.E. 19 ("Reply"). The Court reviewed the parties' submissions and considered the motion without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). For the following reasons, the Court denies the motion.

## I. Background

On October 3, 2017, Defendant pled guilty to an Information, which charged her with a conspiracy to violate 18 U.S.C. § 666(a)(1)(A). D.E. 1, 3. Defendant was a Jersey City police officer from October 2004 to 2017. From March 2014 to May 2016, Defendant conspired with another officer to submit vouchers so that Defendant would be paid for off-duty work that she did not actually perform. Defendant was then sentenced on July 10, 2018. D.E. 10. Defendant's United States Sentencing Guideline calculation resulted in a range of 18 to 24 months. The Court, however, granted the Government's motion for a downward departure based on substantial assistance and sentenced Defendant to a five years' probation. D.E. 12. The Court further ordered

Defendant to pay $167,621 in restitution. *Id.*

After serving 2 years and 8 months of her probationary sentence, Defendant made the current motion. Br. Defendant indicates that she completed a medical assistant program in April 2019 and has been working in the medical industry since. *Id.* She adds that she has not missed a monthly restitution payment and has paid 25% of the total amount. *Id.* ("I have paid 25% of the balance in 2 years[.]").

In opposition, the Government notes that while Defendant claims to have paid 25% towards restitution, she has actually paid approximately $3,500. Opp. at 2. Defendant's co-conspirator, the Government explains, has paid approximately $42,500 (which is credited towards the overall restitution amount). *Id.* at 2 n.1. The Government continues that Defendant has not shown that early termination is appropriate. *Id.* at 4-6. Among other things, the Government notes that the following countenance against granting the motion: (1) the nature and circumstances of her offense – she was a sworn law enforcement officer who committed the offense over a lengthy period; the offense involved substantial amounts; (2) general deterrence; (3) the substantial departure that Defendant received at sentencing; and (4) the substantial amount of restitution that remains outstanding. *Id.*

In her reply, Defendant does not contest that she has only paid approximately $3,500 towards restitution. Reply. Instead, she reiterates that she has been working in physician offices since she graduated from the medical assistant program in April 2019, except for when she was laid off due to the pandemic. *Id.* She also indicates, for the first time, that she wants early termination so that she can relocate to Arizona where the cost of living is cheaper. *Id.*

## II. Legal Standard

Early termination of probation is governed by 18 U.S.C. § 3564(c), which provides as

follows:

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c). The § 3553(a) factors the Court must consider are

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Davies*, 746 F. App'x 86, 88 (3d Cir. 2018) (citing 18 U.S.C. § 3553(a)(1), (2)(B)-(D), (4)-(7)); *accord United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020).

The Third Circuit in *Melvin* discussed early termination of supervised release. *Melvin*, 978 F.3d at 52. The Circuit's analysis appears germane to early termination of probation because the supervised release statute, 18 U.S.C. § 3583(e), requires a court to consider many of the same Section 3553(a) factors, as well as the interest of justice standard found in Section 3564(c). As a result, the Court follows the guidance of *Melvin* in addressing Defendant's motion.

After considering the § 3553(a) factors, a district court may, in its discretion, terminate a period of supervised released if it is satisfied that such action "is warranted by the defendant's conduct and is in the interest of justice." *Melvin*, 978 F.3d at 52. The court need not make specific

findings of fact with respect to each factor – a statement that the court has considered the factors is sufficient. *Id.* (citing *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)).

A district court is not required to find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release. *Id.* But that does not mean that such circumstances are irrelevant to granting or denying a motion for early termination of supervised release. *Id.* The court in *Melvin* explained "[t]hat is because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Id.* The Third Circuit continued that "[w]e think that '[g]*enerally*, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Id.* (emphasis in original) (quoting *Davies*, 746 F. App'x at 89); *see also United States v. Szymanski*, No. 12-0247, 2020 WL 6515958, at *2 (W.D. Pa. Nov. 5, 2020) ("The court explained in *Melvin* that, although not required, some changed circumstances will generally be important to warrant early termination of supervised release [.]").

## III. Discussion

The Court denies Fahrenholz's motion. Defendant's motion does not analyze the § 3353(a) factors, and in considering all of them, the Court finds that an early termination of supervised release is not appropriate. Defendant has been compliant with the terms of her probation, which commendable but also required. The nature and circumstances of her offense are very serious. In her position as a police officer, Defendant caused a significant monetary loss over a substantial period. While the Court found a term of probation to be appropriate in light of the Government's motion for a departure, the Court also harbored concerns that such a relatively lenient sentence would defeat the purpose of general deterrence. As a result, the Court agrees with the Government

4

that general deterrence also weighs against Defendant.

In addition, despite being on probation for over two years, Defendant has only paid a relatively small amount towards her his sizable restitution. The Court also has concerns with Defendant's candor. In her initial brief, Defendant claimed that she had paid 25% towards restitution. Yet, as the Government pointed out, the vast majority of this amount has been paid by her co-conspirator. Similarly, in her initial brief, Defendant indicated that she had been working as a medical assistant since she graduated the medical assistant program. In her reply, however, Defendant now admits that she did not work from some period of time due to the pandemic. Finally, for the first time in her reply brief, Defendant indicates that she wishes to move to Arizona to enjoy a lower cost of living – a circumstance that was entirely omitted from her initial brief.

**IV. Conclusion**

Based on the foregoing, Fahrenholz's motion is denied. An appropriate Order accompanies this Opinion.

Dated: July 7, 2021

_____
John Michael Vazquez, U.S.D.J.